# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| REUBEN MICHAEL CRISP | CIVIL ACTION NO. 16-789-P |
| VERSUS | JUDGE HICKS |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Reuben Michael Crisp ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 6, 2016. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names James LeBlanc, Jerry Goodwin, Pamela Hearn, Bruce Fuller, Michelle Norris, LaVecya Hamilton, and Mrs. Milwee as defendants.

Plaintiff claims he first saw Dr. Hearn on June 15, 2015, when he arrived at David Wade Correctional Center. He claims he complained of his pain and Dr. Hearn told him that he had to learn to live with his pain. Plaintiff claims he is a diabetic and has neuropathy in both his legs and feet. He claims he has degenerative arthritis in his left hip. He claims he is in constant pain. Plaintiff admits that he has routine appoints with the doctors, but claims

the appointments are only for his diabetes.  He claims his health care is inadequate because he cannot see the doctor for the daily pain he has in his leg and foot.  He claims he has filed numerous sick calls to see Dr. Hearn, but has received no results.  He claims Dr. Hearn refuses to acknowledge that he has neuropathy and muscle damage.  He claims the medical staff diagnosed his diabetes and high blood pressure, but refuses to acknowledge his other conditions.

Plaintiff claims Dr. Hearn and Dr. Fuller refuse to run tests on him.  He claims Dr. Fuller refuses to give him medication for his muscle pain, but later admits that Dr. Fuller gave him pain medication for his foot.  He claims the pain medication did not help his hip or ankle.  He claims Dr. Fuller will not give him a muscle relaxer.  He claims Dr. Hearn and Michelle Norris told him that he had to learn to live with his pain.  He claims his muscle and nerve damage are getting worse.  He claims his hands and feet are numb.  He claims his left foot also tingles.  He claims it his difficult for him to maintain his balance and stand for long periods.  He claims his ankle hurts constantly.  He claims his leg has muscle contractions.  He claims his requests for a muscle relaxer have also been denied by Dr. Hearn. Plaintiff claims Nurse Norris states that there is nothing wrong with him because his vital signs are normal.

Plaintiff claims he has not seen a doctor outside the prison or a specialist.  He claims his requests for x-rays and MRIs have been denied.

Plaintiff claims Nurse Hamilton wrote him up twice for malingering because he complained pain in his hip and leg after numerous sick calls.

Accordingly, Plaintiff seeks proper medical treatment, monetary damages and compensation, and the termination of Defendants.

## LAW AND ANALYSIS

**Medical Treatment**

Plaintiff claims he has received inadequate medical treatment. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement

with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997);  Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that Dr. Hearn examined him upon his arrival at DWCC on June 15, 2015.  He admits that he was seen for routine appoints regarding his diabetes.  He provides copies of 16 medical requests forms which demonstrate that he was seen by the medical staff.  Plaintiff admits that he was given medication for his foot.  Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton.

Plaintiff disagrees with the treatment that Defendants provided him.  He disagrees with the doctor's diagnosis regarding his neuropathy and muscle damage.   He claims he should have been given a muscle relaxer and a different pain medication.  He further claims tests were not conducted.  As previously discussed, disagreement with the diagnostic

measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical treatment claims should be dismissed with prejudice as frivolous.

**False Disciplinary Report**

To the extent Plaintiff claims Nurse Hamilton filed false disciplinary reports against him, Plaintiff has no right which protects him from being charged with a disciplinary offense.  This is true regardless of the truth of the initial report.  Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984); Cardine v. Tucker, 23 F.3d 406 (Table), 1994 U.S. App. LEXIS 17566 (6th Cir. 1994). Accordingly, even if the actions of Nurse Hamilton resulted in false disciplinary action

being taken against him, Plaintiff's claim against her is not cognizable because he has no constitutional protection from being wrongly charged with a disciplinary offense.

Accordingly, Plaintiff claims regarding false disciplinary reports should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the  time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of February, 2017.

Mark L. Hornsby
U.S. Magistrate Judge